OPINION. Van Fossan, Judge-. The partnership arrangement fashioned by the petitioners follows very closely the pattern delineated in Commissioner v. Tower, 327 U. S. 280 and proscribed by the decision in that case. There the Court stated: There can be no question that a wife and husband may, under certain circumstances, become partners for tax, as for other, purposes. If she either invests capital originating with her or substantially contributes to the control and management of the business, or otherwise performs vital additional services, or does all of these things she may be a partner as contemplated by 26 U. S. C. §§ 181, 182. The Tax Court has recognized that under such circumstances the income belongs to the wife. * * * But when she does not share in the management and control of the business, contributes no vital additional service, and where the husband purports in some way to have given her a partnership interest, the Tax Court may properly take these circumstances into consideration in determining whether the partnership is real within the meaning of the federal revenue laws. * * * A * * * Judged by the actual result achieved, the Tax Court was justified in finding that the partnership bere brought about no real change in the economic relation of the husband and his wife to the income in question. Before the partnership the husband managed, controlled, and did a good deal of the work involved in running the business, and he had funds at his disposal which he either used in the business or expended for family purposes. The wife did not contribute her services to the business and received money from her husband for her own and family expenses. After the partnership was formed the husband continued to control and manage the business exactly as he had before. The wife again took no part in the management or operation of the business. If it be said that as a limited partner she could not share in the management without becoming a general partner the result is the same. No capital not available for use in the business before was brought into the business as a result of the formation of the partnership. And the wife drew on income which the partnership books attributed to her only for purposes of buying and paying for the type of things she had bought for herself, home and family before the partnership was formed. Consequently, the result of the partnership was a mere paper reallocation of income among the family members. The actualities of their relation to the income did not change. * * * We see very little difference in the factual basis and no difference in principle between the cases at bar and the Tower case. Here the wives invested no capital originating with them, made no contributions to the control or management of the business, and performed no “vital additional service” to the firm. After the partnership was formed the petitioners continued to control and manage the business, in which their wives had no voice and of which they had very little knowledge. The amounts withdrawn by the wives were used largely for household expenses, thus relieving their husbands of the burdens which were normally theirs. See John Lang, 7 T. C. 6; Floyd, D. Akers, 6 T. C. 693; Fred W. Ewing, 5 T. C. 1020; W. M. Mauldin, 5 T. C. 743; affd., 155 Fed. (2d) 666. See also Leonard W. Greenberg, 5 T. C. 732; Earp v. Jones, 131 Fed. (2d) 292; certiorari denied, 318 U. S. 764. Therefore, for Federal income tax purposes no valid partnership was formed on January 2, 1941, and one-half of the net income of the Simons-Michelson Co. for 1941 is taxable to each petitioner. Decisions will be entered for the respondent.